UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARK RICHARD HUNT,

Plaintiff,

v.

CHRISTINA DENNING, DENNING
MOORES APC,

Defendant.

Case No. 2:26-cv-01433-MMD-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion for Alternative Service filed with Plaintiff's Complaint. ECF No. 1-5. The Motion is denied without prejudice because Plaintiff has not attempted to personally serve the Defendants.

Rule 4 of the Federal Rules of Civil Procedure establishes the methods for service of civil complaints filed in federal court. Federal Rule 4(e)(1) allows for service following the laws of the state in which the federal court is located. When considering a request to serve a defendant by alternative means the Court first takes into consideration what attempts were made to serve a defendant at his known residence, and what methods of locating a defendant were made to effect service at a location other than a last known address. *Price v. Dunn*, 787 P.2d 785, 786-87 (Nev. 1990), *rev. on other grounds, NC-DSH, Inc. v. Garner*, 218 P.3d 853 (Nev. 2009) (and noting that Price otherwise remains good law); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

Plaintiff's instant lawsuit was filed after his prior suit against Defendants was dismissed without prejudice because of insufficient service of process. ECF No. 1-5 at 1, *see* Case No. 2:25-cv-01694-MMD-MDC. Plaintiff seeks to serve the Defendants with his current Complaint by emailing defense counsel from the prior case and through the Court's Notice of Electronic Filing system. ECF No. 1-5 at 2. However, Plaintiff has not engaged in any effort to personally serve Defendants in this matter. The Motion for Alternative Service was filed alongside the Complaint and no summons has been issued. The Court understands that Plaintiff resides in Australia, but this

alone does not stop Plaintiff from obtaining a summons from the Court and engaging a process server to effect service on Defendants in San Diego, California. As was previously explained to Plaintiff, Federal Rule of Civil Procedure 4(f) does not apply in this case because the Defendants are located in the United States. *Hunt v. Denning*, Case No. 2:25-cv-01694-MMD-MDC, 2026 WL 1243504, at *2 (D. Nev. May 5, 2026). Plaintiff should consult the Court's prior order which explained the shortcomings of Plaintiff's previous service attempts, *id.*, and the Federal Rules of Civil Procedure, to which he is bound despite his *pro se* status. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), *overruled on other grounds by, Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Alternative Service (ECF No. 1-5) is DENIED without prejudice.

IT IS FURTHER ORDERED Plaintiff must accomplish effective service on Defendants no later than **August 5, 2026**, which is 90 days after the date on which the Complaint was filed. Failure to do so may result in dismissal of this action.

Dated this 5th day of June, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE