# UNITED STATES DISTRICT COURT

for the

Southern District of Nevada

Las Vegas Division

MARK RICHARD HUNT

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-v-**

CHRISTINA DENNING esq., an Individual and DENNING MOORES APC.

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. ______________________
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | MARK RICHARD HUNT |
| Street Address | 5 PLATYPUS STREET |
| City and County | COBBITTY |
| State and Zip Code | NEW SOUTH WALES, AUSTRALIA, 2570 |
| Telephone Number | +61 472 752 463 |
| E-mail Address | juggernautbymarkhunt@gmail.com and kingslaine1@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | CHRISTINA DENNING |
| Job or Title *(if known)* | LAWYER |
| Street Address | 12526 High Bluff Drive, Suite 300 |
| City and County | San Diego |
| State and Zip Code | California 92130 |
| Telephone Number | (858) 356-5610 |
| E-mail Address *(if known)* | denningc@denningmoores.com |

Defendant No. 2

| | |
|---|---|
| Name | Denning Moores APC |
| Job or Title *(if known)* | Company |
| Street Address | 12526 High Bluff Drive, Suite 300 |
| City and County | San Diego |
| State and Zip Code | California 92130 |
| Telephone Number | (858) 356-5610 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

E-mail Address *(if known)* ______________________

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 (federal question jurisdiction) based on claims arising under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §1961-1968, and the 7th Amendment of the U.S. Constitution, due to malpractice impacting a federal RICO action (Case No. 2:17-cv-00085-JAD-VCF) and Defendant Christina Dennings' own RICO violations including §1962 (prohibited activities), §1964(c) (civil remedies) and §1341/1343 (wire fraud). Vicarious liability by Denning Moores APC is implicated under NRS 41.141.

Jurisdiction is also proper under 28 U.S.C. §1332 (diversity of citizenship) as Plaintiff Mark Hunt is a citizen of New Zealand residing in Australia; Defendant Christina Denning is a citizen of the United States; Denning Moores, APC, operates its principal base of business in California; and the malpractice occurred in Nevada. Further, the amount in controversy exceeds $75,000 not including interest and costs, due to legal malpractice damages. The estimated compensatory loss from malpractice in the underlying lawsuit is approximately $8 billion USD and with 7th amendment violations, emotional distress damages and RICO damages trebled equates to a damages quantum of around $39 billion USD.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* Mark Hunt, is a citizen of the State of *(name)* New Zealand, residing in Australia. .

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* ______________________, is incorporated under the laws of the State of *(name)* ______________________,

and has its principal place of business in the State of *(name)* ______________________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* Christina Denning, is a citizen of the State of *(name)* California. Or is a citizen of *(foreign nation)* ______________________.

b. If the defendant is a corporation

The defendant, *(name)* Denning Moores APC, is incorporated under the laws of the State of *(name)* California, and has its principal place of business in the State of *(name)* California. Or is incorporated under the laws of *(foreign nation)* ______________________, and has its principal place of business in *(name)* San Diego.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The estimated compensatory loss from malpractice in the underlying lawsuit is approximately $8 billion USD and with 7th amendment violations, emotional distress damages and RICO damages trebled equates to a damages quantum of around $39 billion USD.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. This is a new action filed following the dismissal without prejudice of a prior action between the same parties (Case No. 2:25-cv-01694-MMD-MDC) on May 5, 2026, solely on the ground of insufficient service of process under FRCP 4. The Court explicitly invited Plaintiff to refile suit and effectuate proper service or seek alternative service. (ECF No. 54 at 4-5). The substantive claims and factual allegations remain unchanged.

2. The Plaintiff Mark Hunt (Hunt) retained Defendant Christina Denning (Denning) and her firm, Denning Moores, APC (Denning Moores), to represent him in a civil lawsuit filed on July 11, 2017, in the U.S. District Court for the District of Nevada (Case No. 2:17-cv-00085-JAD-VCF). Beginning around January 2017, the representation was in the matter of Hunt v Zuffa, LLC (d/b/a UFC), Brock Lesnar, and Dana White (Hunt v Zuffa, et al.) and continued through to approximately October 2023 when summary judgment was filed.

3. Initially Denning represented Hunt via Higgs Fletcher & Mack LLP, and shortly after, informed Hunt that nobody would take the case, and that he had no choice but to allow her to represent him as she had mysteriously sourced a billion-dollar backer for her to "go it alone". This fact is corroborated by multiple independent witnesses. (See Exhibits 41, 42, 43, 44).

4. Approximately seven years after the underlying case had commenced, in 2023, Hunt feared that Denning did not have his best interests at heart. In fact, it came to pass that by 2025 after the Memorandum of Disposition was filed, Hunt discovered that Denning had breached the Nevada Rules of Professional Conduct (NRPC), the Federal Rules of Civil Procedure (FRCP), Nevada Revised Statutes (NRS) and United States Codes (U.S.C.) specifically –

i) In violation of core fiduciary obligations and rules NRPC 1.8(a) and NRS 7.045(1) to act with competence and diligence, when Denning failed to disclose conflicts, or advise independent counsel, when brokering a $100k USD investment from Hunt with a company called Stonecutter Tech, an LLC based in Arizona. Denning Moores APC is implicated as the firm through which Denning acted and therefore, is responsible for vicarious liability as per NRS 41.141.

ii) With NRPC 1.4(a)(3) professional standards violations, by failing to reasonably inform Hunt about the status of the underlying case, whilst also failing to communicate her fiduciary obligations to Hunt when securing investment funds for Stonecutter LLC;

iii) Further NRPC 1.4(a)(3) breaches and violations of NRPC 8.4(c) that defines professional misconduct as engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, NRPC 3.3(a)(1) that prohibits lawyers from making false statements of fact or law, and NRS 7.045(1) that is a statutory duty of attorneys to act with competence, diligence and loyalty, and contraventions of 18 U.S.C. §1343 for wire fraud, and FRCP 11 that requires attorneys to certify that pleadings and representations are not presented for improper purposes and common law fiduciary duty misconduct by knowingly giving false and misleading information to Hunt about the case on email when he enquired as to whether any opportunities for mediation have occurred and Denning replied "No.";

iv) Violations of NRPC 1.2(a) that requires lawyers to abide by client decisions and consult on objectives, NRPC 1.4(a)(2) that requires lawyers to reasonably consult with clients about the means to accomplish objectives, NRPC 1.7(a) that prohibits representation with conflicts of interest and 18 U.S.C. §1343 by approaching and arranging directly with defendants Counsel to forgo the RICO discovery in the underlying case, which unilaterally, without consent, violated Denning's duty to follow the objectives of the case and consultation on strategy and resulted in Denning failing to adequately point to relevant evidentiary support from discovery. These acts were part of a pattern of racketeering activity conducted through the enterprise of Denning Moores, APC, which is further evidenced by the firm's formation timeline, overlapping ownership and control with the Moores family, and the use of the firm as the vehicle for the alleged misconduct. (See Exhibits 48, 49, and 50).

v) Violations of NRPC 1.1 which requires competent representation, NRPC 1.3 requiring for a lawyer to act with reasonable diligence and promptness in representing a client, NRPC 3.3(a)(1) prohibiting lawyers from making

false statements, NRPC 8.4(c), FRCP 79 and FRCP 56(c)(1) and reiterating NRPC 1.7(a)'s requirement for representation prohibiting conflicts of interest, when Denning demonstrated improper motive and intent to obscure evidence by filing to seal evidence on behalf of the defendants. This violation constitutes mishandling of evidence, and contributes to causation of the violation of Hunt's 7th Amendment rights;

vi) Violations of NRPC 3.3(a)(1) and NRPC 8.4(c) when brazenly misrepresenting the facts and NRPC 3.3(a)(1) that prohibits lawyers from making false statements of fact or law, when asked by Judge Jennifer Dorsey if the Dr Carrie Hastings' expert report described any diagnostic opinions at all and Denning replied that "I don't think she ever says what Your Honor is asking me about… I wish she would have[.]" This is another blatant falsehood and a violation of Daubert standards as the report described unequivocal causation and injury. Denning Moores, APC's liability is again implicated vicariously;

vii) Violation of NRPC 1.4(a)(3) when Denning failed to communicate mediations for the underlying case to Hunt on at least six occasions evidenced on the dockets on the following dates: March 19, 2019; March 28, 2019; December 27, 2019; January 24, 2020; March 26, 2020 and 15 June 2020. This breach directly deprived Hunt of potential resolutions that could have mitigated damages. (See also Exhibits 41–44 and 46). Denning Moores, APC is further implicated through vicarious liability under NRS 41.141.

viii) When Denning failed to provide Hunt with a written costs agreement at the outset of representation in 2017, breaching NRPC 1.5(b), NRPC 1.4(a)(3) and NRS 7.045(1), with Denning Moores, APC again implicated through vicarious liability. This omission concealed the basis of fees, potentially leading to unauthorized charges and financial harm, supporting a claim for disgorgement and further contributing to Hunt's damages.

ix) Further, in late 2023 when a costs agreement was finally provided via Denning's colleague Brian Boschee it was back-dated to 2018 and had been forged with a signature bearing no similarity to Hunt's signature. This violates NRPC 8.3(c) for misconduct via forgery that was transmitted via email, 18 U.S.C. §1341/1343 for wire fraud and FRCP 11 for false representation. (See Exhibit 9 and Exhibits 41–44).

5. In follow up communications between Hunt and Denning in 2023 regarding the malpractice that Hunt had feared, led to Denning no longer acting for Hunt, and Denning suggesting that she would need to talk to "her lawyer" -sic.

6. In an extraordinary declaration from Denning's colleague from Higgs Fletcher & Mack at the time, Scott Ingold esq (Ingold) affirmed that he was aware that Hunt's counsel had offered to forgo RICO discovery in a series of emails between June 10, 2017 to June 13, 2017. As the cornerstone of the RICO case, this action by Denning limited the claims' viability and undermined Hunt's position. (See Exhibit 10).

7. Further, in the Ninth Circuit's April 22, 2025 Memorandum of Disposition it was declared that "Indeed, while maintaining that such evidence does in fact exist" in support of Hunt's claims, it was not pointed to in the district court.

8. Additional damages described in Exhibit 13 are due to Denning's causation of the violation of Hunt's 7th Amendment right to a jury trial and further damages by way of Intentional Infliction of Emotional Distress (IIED) as a result of Denning's protracted and egregious misconduct. (See Exhibits 41–44 and 46).

9. Denning's conduct fell far below the professional and statutory standards required of attorneys. Specifically, Denning violated the following rules and statutes: NRPC 1.1, 1.2(a), 1.3, 1.4(a)(2)–(3), 1.5(b), 1.7(a), 1.8(a), 3.1, 3.3(a)(1), and 8.4(c); NRS 41.141 and 7.045(1); FRCP 11 and 56(c)(1); and 18 U.S.C. §§ 1341 and 1343 (wire fraud). These violations, which included egregious incompetence, misapplication of law, repeated misrepresentations to the Court and to Hunt, forgery, and the unilateral forgoing of critical RICO discovery without Hunt's consent, constituted a pattern of racketeering activity through the enterprise of Denning Moores, APC. As a direct and proximate result of this misconduct, Hunt suffered catastrophic damages, including the loss of his underlying claims against Zuffa et al. (valued at an estimated $8 billion USD), additional costs imposed by the defendants following summary judgment in October 2023, severe emotional distress caused by

Denning's intentional misrepresentations, fraud, and forgery, and the violation of his Seventh Amendment right to a jury trial. The full scope of these harms materialized after the Ninth Circuit issued its Memorandum of Disposition on April 22, 2025.

10. "But for" and as a direct and proximate result of the Defendant's blatant legal negligence and the irrefutable inferences evidencing egregious malpractice, Hunt would have undoubtedly prevailed in the underlying action, securing a full and collectible judgement in his favor, as the evidence conclusively demonstrates that the case was meritorious and winnable absent such misconduct. The memorandum of disposition filed on April 22, 2025 affirming so in its language that stipulates that the evidence does indeed exist, though was not pointed to in district court.

11. The statute of limitations for the malpractice claim is tolled under NRS 11.207(1) and the discovery rule until April 22, 2025, the date the Ninth Circuit memorandum was filed, when the main harm (loss of compensation) materialized. The statute of limitations for the intentional infliction of emotional distress and 7th Amendment violation claims is tolled from July 11, 2017, the date of the initiating filing, pursuant to NRS 41.035, due to the ongoing nature of Denning's malpractice, and its impact on Plaintiff's constitutional and emotional well-being.

All referenced exhibits are available for immediate review and will be produced in full upon request or as part of initial disclosures.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mark Richard Hunt respectfully prays for judgment against Defendants Christina Denning and Denning Moores, APC, jointly and severally, as follows:

1. Compensatory damages in excess of $8 billion USD for the loss of the underlying claims against Zuffa et al., as detailed in Exhibit 13;

2. Additional compensatory damages in the amount of approximately $542,000 USD for costs and fees ordered against Plaintiff as a direct result of Defendants' malpractice following summary judgment in October 2023;

3. Damages for intentional infliction of emotional distress in the amount of $2.6 million USD, subject to NRS 41.131;

4. Damages for the violation of Plaintiff's Seventh Amendment right to a jury trial in the amount of $4.8 million USD;

5. Damages for the loss of the Stonecutter Tech investment in the amount of $145,000 USD;

6. Punitive damages for Defendants' malicious, intentional, and reckless misconduct, including lies, self-dealing, forgery, and potential sabotage, in the amount of $3.76 million USD pursuant to NRS 42.005;

7. Disgorgement of all legal fees paid to Defendants under principles of strict liability and unjust enrichment;

8. Pre- and post-judgment interest at the maximum rate allowed by law;

9. Costs of suit, including filing fees and service costs;

10. Treble damages pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c), and NRS 207.470, bringing the total RICO damages to $39 billion USD; and

11. Such other and further relief as the Court deems just and proper, including an injunction preventing any further breaches or enforcement related to the Stonecutter Tech agreement.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 07/05/2026

Signature of Plaintiff

Printed Name of Plaintiff MARK RICHARD HUNT

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address