UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARK RICHARD HUNT,

Plaintiff,

v.

CHRISTINA DENNING, DENNING MOORES APC,

Defendants.

Case No. 2:26-cv-01433-MMD-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion for Alternative Service Pursuant to FRCP 4(f)(3) and NRCP 4.4(b). ECF No. 14. The Court reviewed the Motion, as well as the Opposition filed by Defendants "appear[ing] in a special capacity"[1] (ECF No. 15) and Plaintiff's Reply (ECF No. 16). The Court finds as follows.

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, the Constitution only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 4(e)(1), the Court looks to Nevada's Rules of Civil Procedure for the rules guiding alternative service. Nevada Rule of Civil Procedure 4.4(b)(2) permits service by alternative means so long as the party seeking to effect such service: "(A) provide[s] affidavits, declarations, or other evidence setting forth specific facts demonstrating: (i) the due diligence that was undertaken to locate and serve the defendant; and (ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other

[1] Defendants are advised "special appearances are not a thing anymore." *Henderson v. Hughes*, Case No. 2:16-cv-01837-JAD-CWH, 2017 WL 1900981, at *6 (D. Nev. May 9, 2017). As aptly stated by Judge Dorsey, "'[t]he technical distinctions between general and special appearances' for the purpose of challenging jurisdiction in federal court were 'abolished' over half a century ago." *Id.* (citations omitted).

Here, the Court recognizes that based on Defendants' Opposition, they may have waived service; however, because the Court finds alternative service to be appropriate, it does not reach this argument. *Accord Updateme Inc. v. Axel Springer SE*, Case No. 17-CV-05054-SI, 2018 WL 306682, n. 1 (N.D. Cal. Jan. 5, 2018).

information used to communicate with the defendant; and (B) state[s] the proposed alternative service method and why it comports with due process." A plaintiff is not required to attempt every permissible means of service of process before requesting an alternative method of service. *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600 (D. Nev. 2015). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

Publication is one option for alternative service. Nev. R. Civ. P. 4.4(c). Service by publication is proper when the defendant "cannot, after due diligence, be found [or] by concealment seeks to avoid service of the summons and complaint." Nev. R. Civ. P. 4.4(c)(1)(A), (B). When service by publication is permitted, the law requires (1) additional methods of service to supplement publication (Nev. R. Civ. P. 4.4(d)), and (2) a copy of the summons, complaint, and the Court's order authorizing alternative service be mailed to the defendant's last known address. Nev. R. Civ. P. 4.4(b)(3). Supplemental methods of service may include, among others, "telephone, voice message, email, social media, or any other method of communication." Nev. R. Civ. P. 4.4(d)(1).

The Court finds Plaintiff has demonstrated due diligence in his attempts to locate and serve Defendants Christina Denning and Denning Moores, APC. Plaintiff's Reply attaches affidavits from the process servers demonstrating six attempts[2] at service on weekdays at varying business hours at the address listed by Defendant Christina Denning for the law office Denning Moores, APC on the State Bar of California's website. *Compare* ECF Nos. 16-2 at 2, 16-3 at 3, 16-4 at 4 *with* https://apps.calbar.ca.gov/attorney/Licensee/Detail/211137. At each attempt, the process server was informed the office would not accept documents and that Ms. Denning was not available. Thus, the Court finds Plaintiff has been reasonably diligent in his effort to complete service.

Service by publication must be "reasonably calculated, under all the circumstances" to give notice to defendant. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also BP Prod. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 272 (E.D. Va. 2006) ("Federal courts have recognized the validity of service by publication where other means have failed."). To this end, a

[2] Plaintiff also includes an affidavit reflecting three attempts at service at Denning Moores previous law office address. ECF No. 14, ECF No. 16-1 at 2.

plaintiff must (1) "provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements" and (2) "suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings." Nev. R. Civ. P. 4.4(c)(2)(C), (D).

Given the information provided, the Court finds publication in the San Diego Union-Tribune and the Daily Transcript are likely to notify the Defendants of this action. Publication in each of these publications for the applicable individual Defendants must occur once a week for a period of four consecutive weeks after which service of process will be deemed effected. However, publication may not commence until Plaintiff provides the language he intends to use, which must comply with the requirements of NRCP 4.4(c)(2)(C) and (4), and such language is approved by the Court.

Because when serving by publication a plaintiff must also provide notice to a defendant by mail, Plaintiff must send by First Class U.S. Mail a copy of the (1) Summons, (2) Complaint, (3) this Order to the Defendants' 12544 High Bluff Drive address. In addition, Plaintiff must send the same to Defendant Cristina Denning's email address, Denningc@denningmoores.com, the email address listed on her profile with the State Bar of California.

Lastly, the Court notes that to avoid service by publication, Defendants may choose to accept service, which would moot the need for publication. If Defendants choose to do so, they must inform Plaintiff and the Court of their decision **no later than August 7, 2026**. If service is waived, the time to respond will be extended in accordance with the applicable federal rule.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Alternative Service Pursuant to FRCP 4(f)(3) and NRCP 4.4(b) (ECF No. 14) is GRANTED to the extent consistent with this order.

IT IS FURTHER ORDERED that Plaintiff must, no later than **August 18, 2026**, file a proposed order (no motion is required) in which he states the exact proposed language he intends to use in service by publication. That language must comply with all requirements established by Nev. R. Civ. P. RCP 4.4(c)(2)(C) and (4).

IT IS FURTHER ORDERED that upon the Court entering an Order adopting the language to be used in service by publication, Plaintiff must run the same language on four consecutive weeks in the San Diego Union-Tribune and the Daily Transcript.

IT IS FURTHER ORDERED that Plaintiff must additionally serve Christina Denning and Denning Moores APC at their last known address by First Class U.S. Mail no later than **August 11, 2026**. Plaintiff must send the same through email to Denningc@denningmoores.com.

IT IS FURTHER ORDERED that Defendants, if they choose to accept service and forgo the need for publication, must inform Plaintiff of their decision and file a status report stating the same on the Court's docket **no later than August 7, 2026**.

Dated this 28th day of July, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE