UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARK RICHARD HUNT,<br>Plaintiff,<br>v.<br>CHRISTINA DENNING, DENNING MOORES APC,<br>Defendants. | Case No. 2:26-cv-01433-MMD-EJY<br>**ORDER** |

Before the Court is Defendants' Motion to Stay Discovery. ECF No. 28. The Court considered the Motion, Opposition (ECF No. 30), and Reply (ECF No. 33). The Court finds as follows.

"District courts enjoy broad authority to manage their dockets and control discovery." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 361 (D. Nev. 2019) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). The existence of a dispositive motion does not ordinarily warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). However, Courts may limit discovery for good cause when it is convinced the plaintiff will be unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citing *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978)). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this reason, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should be halted. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to issue a stay, courts take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Medical Examiners*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. March 7, 2011). In doing so, the Court must consider whether the motion is potentially dispositive of the entire case and whether that motion can be decided without discovery. *Tradebay*, 278 F.R.D. at 602. Moreover, this Court adopts the goal

of Federal Rule of Civil Procedure 1 to effectuate the "just, speedy, and inexpensive" determination of actions when reviewing the merits of a pending motion to dismiss. *Id*. at 602-03.

Defendants argue a stay of discovery is appropriately granted based on their pending motion to dismiss and compel arbitration (the "Motion to Dismiss"). ECF No. 25. That motion is fully briefed. Defendants seek dismissal on several grounds, one of which states that "[t]he parties' engagement agreement contains an arbitration provision that mandates that '[a]ny dispute, claim or controversy arising out of or relating to this Agreement shall be determined by arbitration ….'" ECF No. 25 at 6 *quoting* ECF No. 25-1 at 4. When a pending motion seeks to compel arbitration, a stay is appropriate following a preliminary peek revealing there is a reasonable possibility or probability that the district judge will grant the motion. *Shaughnessy v. Credit Acceptance Corp. of Nev.*, Case No. 2:07-cv-00921-KJD-GWF, 2007 WL 9728688, at *2 (D. Nev. Nov. 28, 2007) (granting a motion to stay discovery based on, *inter alia*, the "reasonable possibility or probability that the District Judge will grant Defendant's motion to compel arbitration").

Here, however, while a preliminary peek at the arbitration clause in the agreement at issue shows its terms are likely enforceable, Plaintiff alleges he never signed the agreement in which that clause appears. ECF No. 29 at 6-7. Indeed, Plaintiff contends the agreement is fraudulent and that this nullifies all its terms. *Id*. Plaintiff submits this means Defendants' bases for dismissal must be denied. *Id.*

"[C]ourts may compel arbitration only after determining that an agreement to arbitrate has been formed." *Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1041-42 (9th Cir. 2020) *citing*, *inter alia*, *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010) ("[C]ourts should order arbitration of a dispute only where the court is satisfied that … the formation of the parties' arbitration agreement... is [not] in issue.") (internal citation omitted). Although Defendants vehemently rejects Plaintiff's arguments, the Court finds discovery is needed to determine the enforceability of the agreement on which Defendants rely.[1] It is for this reason that the Motion to

[11] The Court does address the other arguments in Defendants' Motion to Dismiss because, if this matter is properly arbitrated, those issues are ones the arbitrator will decide. ECF No. 25-1 at 4 delegating to the arbitrator issues including the scope and applicability of the arbitration clause. *Bazine v. Kelly Servs. Glob., LLC*, Case No. 22-cv-07170-BLF, 2023 WL 4138252, at *6 (N.D. Cal. June 21, 2023).

Stay Discovery is denied in part. Limited discovery is permitted for the sole purpose of determining whether the engagement agreement that contains the arbitration provision on which Defendants rely is enforceable.

Accordingly, IT IS HEREBY ORDERED that the Motion to Stay Discovery (ECF No. 28) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that discovery is limited to a 90 day period commencing on the first Court day following the date of this Order and ending 90 days thereafter. During the discover period the Plaintiff and Defendants may each propound a maximum of five interrogatories, five requests for production of documents, and five requests for admission. Plaintiff and Defendants may each take one deposition. Additional discovery may not be conducted without leave of Court.

IT IS FURTHER ORDERED that Defendants may, at their discretion, choose to withdraw their present Motion to Dismiss without prejudice and, if appropriate refile the same no later than 21 days after the conclusion of limited discovery. If Defendants do not withdraw the Motion to Dismiss, the parties are granted leave to supplement their filings as follows: Defendants' supplement to the pending Motion to Dismiss is due no later than 21 days after the close of discovery, Plaintiff's supplemental response is due 14 days thereafter, and Defendants' supplemental reply due seven days after Plaintiff's supplemental response is filed.

Dated this 10th day of October, 2026.

Elayna J. Youchah

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE